JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION, )
)
Plaintiff, )       Case No. SACV12-820-JST(ANx)
)
v. )
)
FDN SOLUTIONS, LLC )       **STIPULATED FINAL**
a limited liability company, )       **JUDGMENT AND ORDER**
also d/b/a Everest Debt Solutions, )
1800debtsettlement.com, and )
everestdebtrelief.com; )
)
TIMOTHY DANIELS, )
individually and as an officer )
of FDN Solutions, LLC, )
)
Defendants. )
_____)

    Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq*., to obtain permanent injunctive relief, restitution, rescission or reformation of contracts, the refund of monies paid, the disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R.

Part 310, in connection with the marketing and sale of debt relief services.  The parties, by and through their respective counsel, have agreed to entry of this Stipulated Final Judgment and Order ("Order").

The parties having requested the Court to enter this Order, it is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1.      This is an action by the FTC instituted under Sections 13(b) and 19 of the FTC Act,  15 U.S.C. §§ 53(b) and 57b.  The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Defendants' alleged deceptive practices as alleged therein.

2.      The FTC has authority under Sections 13(b) and 19 of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against the Defendants.

3.      This Court has jurisdiction over the subject matter and over the parties. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

4.      The activities of Defendants, as alleged in the Complaint, are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.       The FTC and the Defendants stipulate and agree to entry of this Order, without trial or adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint up to the date of the entry of this Order.

6.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), concerning the prosecution of this action up to the date of this Order.  Defendants have waived

service of the Summons and Complaint.

7.  This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

8.  Entry of this Order is in the public interest.

**<u>ORDER</u>**

**<u>DEFINITIONS</u>**

For the purpose of this Order, the following definitions shall apply:

A.  **"Assisting others"** includes, but is not limited to:

1.  performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

2.  formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material;

3.  formulating or providing, or arranging for the formulation or provision of, any marketing support materials or services, which includes but is not limited to web addresses or Internet Protocol addresses for any Internet websites, telemarketing sales scripts, affiliate marketing services, or media placement services;

4.  providing names of, or assisting in the generation of, potential customers;

5.  performing marketing or billing services of any kind; and

6.  acting or serving as an owner, officer, director, manager, or principal of any entity.

B.  **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable

results.

C.   **"Consumer"** means any natural person.

D.   **"Corporate Defendant"** means FDN Solutions, LLC, also d/b/a Everest Debt Solutions, 1800debtsettlement.com, and everestdebtrelief.com; and their successors and assigns.

E.   **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by the Defendants.

F.   **"Debt relief service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

G.   **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

H.   **"Financial related product or service"** means any product, service, plan or program represented, expressly or by implication, to:

1.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

2.   improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

3.   provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

4.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of

4

credit; or

    5.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

I.    **"Individual Defendant"** means Timothy Daniels.

J.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

K.    **"Person"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

L.    **"Tax relief product or service"** means any good, service, plan, or program represented expressly or by implication to renegotiate, settle, or alter the terms of a tax obligation between a person and a taxing entity.

## PROHIBITED MISREPRESENTATIONS RELATING TO DEBT RELIEF SERVICES

### I.

IT IS THEREFORE ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any debt relief service, are hereby permanently restrained and enjoined from

misrepresenting or assisting others in misrepresenting, expressly or by implication, any of the following:

    A.    That they will substantially reduce consumers' debts;

    B.    That any testimonial represents an actual and genuine consumer testimonial from one of Defendants' customers;

    C.    That they will settle consumers' debts quickly or immediately;

    D.    The benefits, performance, or efficacy of any good or service to reduce, eliminate, or restructure consumers' debts; and

    E.    Any material fact.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES OR TAX RELIEF PRODUCTS OR SERVICES

## II.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service or tax relief product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    A.    The terms or rates that are available for any loan or other extension of credit;

    B.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

    C.    That any person can obtain a modification of any secured loan or

mortgage or postpone or cancel the foreclosure of any property by renegotiating, settling, or in any other way altering the terms of payment or other terms of such debt;

D.     That any person can obtain a reduction of any tax debt by renegotiating, settling, or in any other way altering the terms of a debt owed to any taxing entity; or

E.     That a consumer will receive legal representation.

## PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

### III.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.     That they themselves provide the product, service, plan, or program;

7

D.      That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

E.      That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

F.      The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

G.      Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

H.      Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

### IV.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any debt relief service, financial related product or service, or tax relief product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any debt relief service, financial related product or service, or tax relief product or service, unless at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

8

## PROHIBITED TELEMARKETING ACTIVITIES

## V.

IT IS FURTHER ORDERED that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale, or sale of any good or service, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting, or assisting others in misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristic of any good or service; or

    B.    Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

## VI.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

    A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or

9

other financial account), of any person which any Defendant obtained prior to the date of entry of this Order in connection with the marketing or promotion of debt relief services; and

B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after the date of entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY JUDGMENT

### VII.

IT IS FURTHER ORDERED that:

A.    A judgment for equitable monetary relief is hereby entered jointly and severally against FDN Solutions, LLC, and Timothy Daniels in the amount of Three Million Two Hundred Ninety-One Thousand Eight Hundred and Thirty Dollars ($3,291,830.00).

B.    Defendants are ordered to pay to the Commission Eighty-Five Thousand Dollars ($85,000), which Defendants shall place in their undersigned counsel's escrow account by no later than March 30, 2012, which funds shall be held by their undersigned counsel in escrow for no purpose other than payment to the Commission. Such payment must be made within 10 days of the entry of this Order by electronic transfer, pursuant to instructions to be provided by a representative of the FTC. Upon such payment, the remainder of the

1    judgment is suspended subject to Section VIII.

2    C.    All funds received by the Commission pursuant to this Order shall be

3          deposited into a fund administered by the Commission or its agent to

4          be used for equitable relief, including, but not limited to, restitution

5          and any attendant expenses for the administration of such equitable

6          relief.  In the event that direct restitution to consumers is wholly or

7          partially impracticable or funds remain after restitution is completed,

8          the Commission may apply any remaining funds for such other

9          equitable relief (including consumer information remedies) as it

10         determines to be reasonably related to Defendants' practices alleged in

11         the Complaint.  Any funds not used for such equitable relief shall be

12         deposited to the U.S. Treasury as disgorgement.  Defendants shall

13         have no right to challenge the Commission's choice of remedies under

14         this Section, and shall have no right to contest the manner of

15         distribution chosen by the Commission.  This judgment for equitable

16         monetary relief is solely remedial in nature and is not a fine, penalty,

17         punitive assessment, or forfeiture.

18   D.    In the event of any default on Defendants' obligation to make

19         payment under this Section, interest, computed pursuant to 28 U.S.C.

20         § 1961, as amended, shall accrue from the date of default to the date

21         of payment, and shall immediately become due and payable.

22   E.    Defendants relinquish all dominion, control, and title to the funds paid

23         to the fullest extent permitted by law.  Defendants shall make no claim

24         to or demand for return of the funds, directly or indirectly, through

25         counsel or otherwise.

26   F.    Defendants agree that the facts as alleged in the Complaint filed in

27         this action shall be taken as true without further proof in any

28         bankruptcy case or subsequent civil litigation pursued by the

11

Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes

G. In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they already have done so, to furnish to the Commission taxpayer identifying numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government.

## RIGHT TO REOPEN

## VIII.

IT IS FURTHER ORDERED that:

A. The FTC's agreement to this Order, requiring that the judgment be suspended for less than the full amount of the judgment, is expressly premised upon the truthfulness, accuracy and completeness of Defendants' financial condition, as represented in Defendants' sworn financial statements submitted by the Defendants to the Commission on July 17, 2011 and March 1, 2012, along with Defendants' supporting financial documents and sworn statements submitted by the Defendants or on their behalf to the Commission on March 23, 2012 (collectively, "Financial Statements"), and compliance with Section VII of this Order.  The Financial Statements and supporting documents contain material information upon which the FTC relied in negotiating and agreeing to this Order.  If, upon motion by the FTC,

this Court finds that Defendants failed to disclose any material asset or materially misstated the value of any asset in the Financial Statements, made any other material misstatement or omission in the Financial Statements, or violated Section VII of this Order in any material respect, the Court shall enter judgment in the amount of Three Million Two Hundred Ninety-One Thousand Eight Hundred and Thirty Dollars ($3,291,830.00) in equitable monetary relief against Defendants, plus interest computed at the rate prescribed in 28 U.S.C. § 1961(a) which shall immediately begin to accrue, less any amounts previously paid by Defendants to the Commission. ***Provided, however, that***:

1.    In all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and

2.    Proceedings instituted under this Section would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.

B.    Each party shall bear its own costs and attorneys' fees incurred in connection with any action brought pursuant to Section VIII.

**ORDER ACKNOWLEDGMENTS**

**IX.**

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For five (5) years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with

13

any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

## X.

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.   Each Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he knows or should know

14

due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.  Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 10 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Defendant must report any change in:  (a) any designated point of contact; (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or

15

residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.   Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.   Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. FDN Solutions LLC, and Timothy Daniels*.

## **RECORDKEEPING**
## **XI.**

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for five (5) years. Specifically, each Corporate Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other

Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each advertisement or other marketing material.

## **COMPLIANCE MONITORING**

## **XII.**

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## RETENTION OF JURISDICTION

## XIII.

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED:  May 25, 2012.

_____
**JOSEPHINE STATON TUCKER**
**UNITED STATES DISTRICT JUDGE**

18